## *Sproule &c. vs. Winant's heirs.*

Error to the Madison circuit; GEORGE SHANNON, Judge.

*Conveyance bond. Assignor and Assignee. Consideration. Conveyances. Specific performance. Practice. Decrees. Costs.*

Judge OWSLEY delivered the Opinion of the Court.

 ABSALOM BRIDGES gave his bond or covenant without penalty, to convey a tract of land to William Miller and Ralph Lilburn.

*CHANCERY.*

*Case 29.*

*April 26.*

*Case stated of a bill for specific per-*

SPROULE &c.
vs.
WINANT's hs

formance of a
contract for
land.

Decree for a
conveyance.

In the assign-
ment of bond
for land, it is
understood
the assignee,
immediate or
remote, shall
take a con-
veyance from
the obligor,
expressing
the consider-
ation the ob-
ligor received
and not what
the assignee
paid.

Decree for a
conveyance
in favor of an
obligee whose
obligor held
the bond of
the holder of
the title by
assignment.

Lilburn assigned this bond, or his interest there-in, to his co-obligee, Miller; Miller assigned the whole bond to Oliver Sproule.

Sproule gave his bond to convey the same land to the heirs of John Winant, naming each heir, and bound himself to make the title, so soon as he could get a title to the land from Absalom Bridges.

The heirs of Winant filed their bill to compel a conveyance, and charge the title to be in Bridges; and that Sproule never took any steps to get it from Bridges, for the purpose of fulfiling his contract with them. Sproule answered, insisting that he has not forfeited his bond, because he never could get a title from Bridges, on which event he was to convey.

The court below decreed in favor of the complainants, and various exceptions are taken to the decree by the assignment of error.

It does not appear what consideration passed from Miller and Lilburn to Bridges, for the land. The bond imports a valuable consideration, but how much is not manifest from the bond, or any part of the record. The consideration which passed from the complainants to Sproule, does appear.

The court decreed that both Bridges and Sproule should unite in a joint conveyance of the land—the deed expressing the consideration which passed be-tween the complainants and Sproule. This is incor-rect. For the consideration for which Bridges ought to be bound, may be far less than that between the complainants and Sproule; and as the complainants have not shewn it to be as great, and have contented themselves without ascertaining what it is, it fol-lows that Bridges ought to be directed to convey to Sproule by deed, with general warranty, reciting the sale bond which he had made, and the bond which he had given as the consideration, leaving the precise sum open and subject to inquiry, if at any time hereafter, Bridges shall become liable to an ac-tion on the warranty. This warranty, it is true, after the conveyance of Sproule to the complainants, will belong to them; and in case of eviction, they may sue on it as assignees thereof, instead of bring-

ing their action against Sproule on his warranty. But in said action the value of the land as fixed by the consideration between Bridges and Lilburn and Miller, will be the proper criterion of damages, and not that fixed between Sproule and the complainants. While the bond of Bridges was in market, and passed from assignor to assignee, each assignee must be understood to have agreed to take a conveyance according to the consideration passing from obligee to obligor, instead of that passing from assignee to assignor. It follows, therefore, that Bridges ought to be compelled to convey to Sproule, according to the consideration which he has received; and Sproule to the complainants, according to the consideration given to him; and it was erroneous to direct a joint conveyance.

It may also be remarked, that the conveyance to some of the female complainants, has been directed to be made to their husbands, when the bond was to them alone. The conveyance ought to be directed to the wife only, leaving the husband to take his right under the marriage.

The court, instead of decreeing that the parties should convey by a final decree, and then afterwards on their failure, appointing a commissioner, if applied for, by a decretal order, has fallen into a common error, of which we have had often to complain. The decree was made interlocutory, and directed the defendants to convey by a certain day, and if they failed, a commissioner should convey, leaving with the commissioner, the right to judge of the failure. The court then retained the cause till the commissioner ascertained the failure, and reported the conveyance, which the court approved, and then made a final decree settling the costs.

Sproule complains that he was charged with costs, when Bridges never conveyed to him, and he was only bound to convey when Bridges conveyed. We do not see how to release him from costs. He was bound to convey so soon as he could get a title from Bridges. He has not shewn that he attempted to get one, or that there was any obstacle to his getting one, if he had tried it.

---

*Margin notes:*

SPROULE &c.
vs.
WINANT'S hs

When the bond for land is to the wife, the decree ought to direct the conveyance accordingly, and not to the husband.

In a decree for specific performance the chancellor ought at once to render a final decree for a conveyance, and afterwards if not complied with, appoint a commissioner by decretal order, and so have the decree executed.

One who covenants to convey when he gets the title from another, must use the proper means to obtain it.

SPROULE &c.    Decree reversed with costs, and cause remanded
vs.            for such decree, and proceedings to be had as shall
WINANT's hs    conform to this opinion.

Costs.              *Turner*, for plaintiff; *Caperton*, for defendant.